BROOKLYN TRUST CO. v. SEVENTH REGIMENT VETERAN & ACTIVE LEAGUE.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. INSURANCE—MUTUAL BENEFIT ASSOCIATIONS—BENEFICIARIES—CHANGE.

The by-laws of a beneficial association provided that benefits should be payable at the death of a member to his designated beneficiary, and that no change of beneficiary should be made except by a return of the certificate, accompanied by the member's written request designating the alteration desired which should be recorded and indorsed on the certificate, and that payment should be made to the person or persons whose name or names were so recorded on the books of the association. *Held*, that where a member after the death of his wife who had been his designated beneficiary returned his certificate with a request that the beneficiary should be altered so as to provide for payment to a beneficiary to be named in the member's will, and such alteration was made, both on the certificate and the association's books, it constituted a valid change of beneficiary.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 1951–1953.]

2. SAME—TESTAMENTARY PROVISION.

Where a member of a beneficial association changed his beneficiary so as to provide for payment to the person designated in his will and no person was designated, except in a paragraph bequeathing the residue of his estate to a certain trust company, to be held in trust for certain specified uses, the trust company was entitled to the fund as the member's beneficiary.

Submission of controversy between the Brooklyn Trust Company, as executor of the will of George W. Jones, deceased, against the Seventh Regiment Veteran & Active League. Judgment for plaintiff.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Henry Hirschberg, for plaintiff.
John M. Lewis, for defendant.

RICH, J.   In December, 1884, George W. Jones became a member of defendant, a corporation doing business in this state as a corporative life insurance association, whose membership is composed or former honorably discharged members of the Seventh Regiment of the National Guard of the state of New York.   His membership continued until the time of his death, March 1, 1905.

Section 7 of article 5 of defendant's by-laws is as follows:

"Section 7. Every member shall within 10 days after he has been notified of his election, designate in writing some person or persons who shall be entitled to receive the amount that would be due in the event of the death of such member; the name of such person or persons shall be duly recorded by the secretary and indorsed by him on the certificate of such member.   No change shall be made in the name of the person or persons so designated unless the member so desiring shall return his certificate to the secretary accompanied with his written request designating the alteration desired, which alteration shall be duly recorded and indorsed on such certificate and it returned to the member. * * *"

Pursuant to the written request of Jones, the name of his wife was recorded by the secretary in the books of the defendant as his "beneficiary," and her name was indorsed by the secretary upon the certificate of membership.   The beneficiary died in May, 1887, whereupon Jones returned his certificate to the secretary, accompanied by his written request designating the alterations desired, to wit, that his "beneficiary" should be "as provided in my will, which alteration was thereupon recorded in those words by the secretary in the books of the defendant, and indorsed by him on said certificate, which he duly returned to said Jones."   The indorsement was as follows:   "Beneficiary, As provided for in will."

Section 8 of article 4 of the by-laws reads as follows:

"Section 8. Upon satisfactory proof of the death of any member of the league to the executive committee, they shall order the payment of an amount equal to 80 per cent. of the total sum received from such member's death assessments to the person or persons whose name or names shall be recorded on the books of the league as his beneficiary or beneficiaries, or their legal representatives, said payment to be made upon the surrender of the certificate of membership of the deceased member."

The name of no person was recorded in the books of defendant, as his beneficiary.   The question submitted for our determination is whether Jones, after the death of his wife, designated a person who should be entitled to receive the amount that would be due, in the event of Jones' death, from defendant, as required by and in accordance with the by-laws of defendant.   It is contended by the learned counsel for defendant that there was no compliance with the by-laws, in that the name of plaintiff is not recorded on the books of defendant as Jones' beneficiary.   We cannot accept this view.   It is true the by-laws required payment to be made to the person or persons whose names appear on the books as beneficiary.   We think, however, that the entry made by defendant's officer must be regarded as a substantial compliance with the by-laws.   The certificate was delivered

to the secretary, who indorsed and returned it to Jones, and made the record of the change in defendant's books, which have remained in its possession from the date of the change in 1887 to March, 1905, when Jones died, during which time Jones paid his assessments and dues, as they became due, to defendant, which received the same, knowing the name of the beneficiary was not recorded in its books; and if there was no substantial compliance with the by-laws, defendant must be held to have waived the objection that the name of the beneficiary was not upon its books. It follows, therefore, that upon the death of Jones, defendant became liable upon the certificate (satisfactory proof of death having been furnished defendant as required by its by-laws), providing a beneficiary was named in his will. By the sixth paragraph of his will he provides:

"All the rest, residue, and remainder of my estate and property of every sort, nature, and description and wheresoever the same may be situate of which I may die seised, possessed, or entitled to, I give, devise, and bequeath to the Brooklyn Trust Company of the borough of Brooklyn, city of New York, the same to be had and held by them and their successors and assigns, but nevertheless in trust and to and for the use and purposes following that is to say :" etc.

We think it was the intention of the testator to name the plaintiff, in its character as testamentary trustee, as his beneficiary. He had long before expressed his intention to name a beneficiary in his will, and while here, as in the case of Kepler v. Supreme Lodge, Knights of Honor, 45 Hun, 274, the will did not specifically mention the fund, yet he does effectually dispose of the fund given to his trustee for the benefit of certain of his heirs by the residuary clause of his will. The learned counsel for the defendant calls our attention to the fact that "the officers of the defendant would very cheerfully pay a 'benefit. upon Mr. Jones' membership, if they believed they could rightfully do so," etc. We think it would be all right to pay, and answer the question, "Did the said George W. Jones, after the death of his wife, designate a person who should be entitled to receive the amount that would be due, from the 'Seventh Regiment Veteran and Active League,' in the event of his death, as required by and in accordance with the by-laws of said league?" in the affirmative, and direct judgment for the plaintiff, in accordance with the stipulation.

Judgment for plaintiff, without costs, on submission of controversy. All concur.